IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3102-D

WILLIAM HENCELY DAVIS, JR. )
)
Plaintiff, )
)
v. )                                        **ORDER**
)
TOMMY CASTELLOE, et al., )
)
Defendants. )

On June 22, 2010, William Hencley Davis, Jr. ("Davis" or "plaintiff"), a state inmate

proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On April 15,

2011, the court reviewed Davis's complaint pursuant to 28 U.S.C. § 1915A and dismissed it as

frivolous [D.E. 2]. On May 4, 2011, Davis filed a motion to amend the complaint pursuant to

Federal Rule of Civil Procedure 15 [D.E. 4]. On June 15, 2011, Davis filed a "motion for rehearing"

[D.E. 5], along with an affidavit in support, id. Att. 1, and a notice of appeal [D.E. 6].

In his motion to amend, Davis seeks leave of court to "assert in the amended pleading

conduct that arose out of the transaction that occurred/occurrence(s) set forth and/or at least was

attempted to be set forth in the original pleading" and "to correct deficiencies by amendment[.]"

[D.E. 4] 2–3. Although the court "should freely give leave [to amend] when justice so requires,"

Fed. R. Civ. P. 15(a)(2), the court is not required to grant a plaintiff leave to amend when "the

amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)

(quotation omitted). Davis has not made any showing that amendment would cure the defects in his

original complaint, particularly to the extent he seeks to assert any claim against Judge Dixon for

"breach of duty" or having "a bias position" in recommending the dismissal of Davis's habeas

petition. See [D.E. 4] 4–8. The proper recourse for a party who believes that a judge has ruled

improperly or unfairly is to raise such errors on appeal. See, e.g., Pierson v. Ray, 386 U.S. 547, 554 (1967). Moreover, as for his allegations of improper judicial bias, Davis has failed to present any actual evidence of bias, much less evidence of bias warranting reconsideration of the court's decision to dismiss. See, e.g., White v. Nat'l Football League, 585 F.3d 1129, 1135–36 (8th Cir. 2009); Margoles v. Johns, 660 F.2d 291, 297 (7th Cir. 1981) (per curiam); Clayton v. Ameriquest Mortg. Co., 388 F. Supp. 2d 601, 607 (M.D.N.C. 2005), aff'd, 172 F. App'x 479 (4th Cir. 2006) (per curiam). Therefore, the court denies the motion to amend as futile.

As for Davis's motion for rehearing, it appears to be a refiling of his motion to amend, based on Davis's belief that he inadvertently filed his motion to amend in Wake County Superior Court rather than in this court. See [D.E. 5], Att. 1 at 1–2. Because Davis did file his motion to amend in this court, the court denies Davis's motion for rehearing as moot.

In sum, the court DENIES plaintiff's motions to amend [D.E. 4] and for rehearing [D.E. 5].

SO ORDERED. This 28 day of November 2011.

JAMES C. DEVER III
Chief United States District Judge

2