IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3102-D

| | | |
|---|---|---|
| WILLIAM HENCLEY DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| TOMMY CASTELLOE, et al., | ) ) | |
| Defendants. | ) ) | |

On June 22, 2010, William Hencley Davis ("Davis" or "plaintiff"), a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On April 15, 2011, the court reviewed Davis's complaint pursuant to 28 U.S.C. § 1915A and dismissed it for failure to state a claim [D.E. 2]. On June 15, 2011, Davis appealed to the United States Court of Appeals for the Fourth Circuit [D.E. 6]. On February 2, 2012, the Fourth Circuit held that "Davis' claim that he was deprived of the freedom to practice his religion . . . was adequate to survive a [section] 1915A frivolity review." [D.E. 10] 2. The Fourth Circuit found "no reversible error with regard to the dismissal of the remainder of Davis' claims." Id. On April 10, 2012, the Fourth Circuit denied Davis's petition for rehearing [D.E. 15]. On February 19, 2013, the Supreme Court denied Davis's petition for a writ of certiorari. Davis v. Castelloe, No. 12-7642, 2013 WL 598660 (U.S. Feb. 19, 2013).

On April 24, 2012, the court allowed Davis's Free Exercise claim against defendant Williams to proceed [D.E. 17] and the clerk directed North Carolina Prisoner Legal Services, Inc. ("NCPLS") to investigate Davis's claim [D.E. 18]. On May 21, 2012, NCPLS responded to the order of

investigation, stating that it had determined appointment of counsel was not warranted and had provided advice and assistance to Davis [D.E. 21]. Davis indicated his consent to NCPLS's investigation [D.E. 22] and moved to amend his complaint [D.E. 23].

On August 20, 2012, defendant Williams moved for summary judgment [D.E. 32], and submitted the affidavit of Finesse G. Couch [D.E. 33-1], Executive Director of the North Carolina Inmate Grievance Resolution Board ("IGRB"). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Davis about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 34]. On August 27, 2012, Davis again moved to amend his complaint [D.E. 35]. On October 3, 2012, Davis responded in opposition to Williams's motion for summary judgment [D.E. 38]. On November 13, 2012, Davis moved for appointment of counsel [D.E. 39]. As explained below, the court grants Williams's motion for summary judgment and denies Davis's motions.

I.

Davis's remaining claim arose at Bertie Correctional Institution ("Bertie"). Compl. [D.E. 1] 8; see Couch Aff., Ex. A1–A3 (grievances). Davis alleges that "chaplain Rodney Williams – an actor under the color of state law – and anti-Catholic – ... deprived the Catholic community 'equal time' – as other religious groups – was [n]o time for Catholics – whereby [a]ll said religious property was destroyed – despite the fact [Davis] volunteered said property to the Bertie Catholic community should [Davis] not be allowed to keep it." Compl. 8 (emphasis omitted).

Davis began complaining about issues concerning Williams's alleged anti-Catholicism on January 12, 2007, when he submitted a grievance asserting that his offer to coordinate Catholic inmate outreach was rejected, his Catholic literature and worship items were wrongly confiscated

2

and destroyed,[1] and Bertie offered no Catholic services. Couch Aff., Ex. A1 at 2–3. On February 16, 2007, the IGRB issued its final Step 3 decision. Id. On February 27, 2007, Davis submitted a second grievance which made assertions similar to his first grievance, and complained that the Bertie Catholic community was not allowed to use the chapel for Bible studies and prayer. See Couch Aff., Ex. A2 at 2–4. On April 2, 2007, the IGRB issued its final Step 3 decision. Id. 7. On August 29, 2007, Davis submitted a third grievance, complaining that on August 10 and 24, 2007, there was no announcement ten minutes before the Catholic services, resulting in poor attendance. Couch Aff., Ex. A3 at 2–4. Additionally, Davis stated that Williams's assistant committed a "verbal assault" by stating that Catholics are "slo[]thful." Id. 4–5. In that grievance, Davis acknowledged that Bertie began offering Catholic worship services in "March/April 2007." Id. 6. On November 15, 2007, the IGRB issued its final Step 3 decision. Id. 11. On October 27, 2009, Davis filed a substantially identical action, Davis v. Castelloe, No. 5:09-CT-3169-BO (E.D.N.C.), which the district court dismissed without prejudice on June 7, 2010, pursuant to 28 U.S.C. § 1915(g). Id. [D.E. 7]. On June 15, 2010, Davis signed the instant complaint. Compl. 23.

A.

As for Davis's motions to amend his complaint [D.E. 23, 35], Davis seeks to add a claim concerning the lack of Catholic religious services at Caledonia Correctional Institution ("Caledonia"), where he was transferred in April 2010 and is currently incarcerated. Davis submitted a grievance on this issue to prison officials on August 19, 2012, over two years after he commenced this action. Second Mot. Amend, Attachs. [D.E. 35-1] 1 (grievance). It does not appear that Davis exhausted this grievance before he filed either motion to amend. See, e.g., Mot. Amend

---

[1] The court dismissed Davis's property destruction claim as untimely, [D.E. 2] 4, and the Fourth Circuit affirmed the dismissal of this claim, [D.E. 10] 2.

3

[D.E. 23] 2 ("request[ing] leave of court as justice so requires albeit that grievances be filed in order to exhaust"). Davis seeks to add as defendants several current and former high-level Department of Public Safety officials, the Assistant Superintendent of Caledonia, the Caledonia chaplain, and a correctional officer. Second Mot. Amend, Attachs. 2–3.

A party may amend his pleading once as a matter of course within 21 days after service or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). However, "belated claims which change the character of litigation are not favored." Smith v. Angelone, 111 F.3d 1126, 1134 (4th Cir. 1997) (quotations and alteration omitted). Additionally, the court need not grant a plaintiff leave to amend when "the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quotation omitted).

Although Davis characterizes his proposed claim as a "continuation" of the remaining claim in his original complaint, his request to add a claim arising more than four years after the events described in his original complaint and occurring at a different prison with different defendants implicates Federal Rule of Civil Procedure 20(a)(2). Rule 20(a)(2) provides for joinder of defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not give a plaintiff license to join multiple defendants in a single lawsuit when the plaintiff's claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–52 (9th Cir.

4

1997); Robinson v. Johnson, Civil Action No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished); Showalter v. Johnson, Civil Action No. 7:08cv00276, 2009 WL 1321694, at *4–5 (W.D. Va. May 12, 2009) (unpublished).

Additionally, because Davis failed to exhaust his administrative remedies before seeking to amend his complaint, the amendment is futile. See, e.g., Jones v. Bock, 549 U.S. 199, 211 (2007). Alternatively, even assuming Davis has fully exhausted administrative remedies, the court would still deny the motions to amend in light of Rule 20(a)(2). Thus, the court denies the motions to amend.

B.

Next, the court addresses Williams's motion for summary judgment [D.E. 32]. Summary judgment is appropriate when, after reviewing the entire record, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49 (quotation omitted), but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In doing so, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

5

Williams asserts that Davis's Free Exercise claim is time-barred. Def.'s Mem. Supp. Summ. J. 5–9. Williams contends that Davis's claim accrued at a minimum on February 27, 2007, when he filed his second grievance, and at the latest in March or April 2007 when Bertie began offering Catholic services. Id. 6–7. Thus, according to Williams, Davis's complaint, which Davis signed on June 15, 2010, is untimely. Id. 7. In opposition to this conclusion, Davis argues that his October 2009 action tolled the statute of limitations. Pl.'s Resp. Opp'n Summ. J. 4–5.

Congress has not adopted a specific statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. See, e.g., Burnett v. Grattan, 468 U.S. 42, 48–49 (1984); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. Wallace v. Kato, 549 U.S. 384, 387 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5). Thus, North Carolina's three-year statute of limitations governs Davis's claim. See, e.g., Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2002); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n.2 (4th Cir. 1991). Additionally, the court looks to North Carolina law to determine whether any tolling of the limitations period is appropriate. See, e.g., Chardon v. Fumero Soto, 462 U.S. 650, 662 (1983); Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 320 (4th Cir. 2006).[2]

---

[2] Although the Fourth Circuit has not addressed the issue, some circuits have concluded that because the PLRA requires a prisoner to exhaust administrative remedies before commencing a civil rights action, the court should toll the statute of limitations during the exhaustion process. See Kelly v. White, C/A No. 4:10–982–JFA–TER, 2011 WL 939015, at *2 (D.S.C. Mar. 16, 2011) (unpublished) (collecting cases). The court need not reach this issue. Even if the court tolled the statute of limitations while Davis exhausted his administrative remedies, Davis's claim that he was deprived of the freedom to practice his religion accrued no later than April 2, 2007, when the IGRB issued its Step 3 decision. Cf. Pl.'s Resp. Opp'n Summ. J. 9 ("petitioner's claim should accrue when

Another federal district court in North Carolina has addressed the precise issue presented in this case, and concluded that a prior section 1983 action dismissed by the court without prejudice pursuant to section 1915(g) does not toll the statute of limitations. See Williams v. Cathy, Civil No. 3:08CV65, 2008 WL 2277544, at *3 (W.D.N.C. June 2, 2008) (unpublished); accord Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 555 (1st Cir. 2005); James v. Branch, Civil Action No. 07-7614, 2009 WL 4723139, *10–11 (E.D. La. Dec. 1, 2009) (unpublished). The court agrees with Williams and concludes that Davis's October 2009 action did not toll the statute of limitations. Accordingly, North Carolina's three-year statute of limitations bars his Free Exercise claim. Moreover, there is no reason to apply equitable tolling. See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Hallstrom v. Tillamook Cnty., 493 U.S. 20, 27 (1989); Rouse v. Lee, 339 F.3d 238, 247 n.6 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002).

As for Davis's third grievance, that officials at Bertie failed to announce Catholic services twice in August 2007 and Williams's assistant called Catholics "slo[]thful," Couch Aff., Ex. A3 at 2–5, Davis's complaint pleads nothing remotely resembling this claim. Thus, the claim fails.

Alternatively, the claim fails on the merits. Davis has not plausibly alleged or otherwise shown that Williams was personally responsible for announcing the Catholic services. Likewise, no rational jury could conclude that the failure to announce the Catholic services was an intentional act designed to interfere with Davis's freedom to practice his religion. Accordingly, the claim fails. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658,

---

final step is complete"). Thus, applying the prison mailbox rule, Davis was required to sign his complaint on or before April 2, 2010, or demonstrate that he is entitled to equitable tolling.

7

691–92 (1978); Gallagher v. Shelton, 587 F.3d 1063, 1070 (10th Cir. 2009); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). As for Davis's assertion that Williams's assistant chaplain called Catholics "slo[]thful," Davis has not suggested any legal principle that would permit this court to hold Williams vicariously liable for the alleged comment. The law is to the contrary. See Iqbal, 556 U.S. at 676. Likewise, the alleged remark does not rise to the level of a constitutional violation. See, e.g., Wagner v. Wheeler, 13 F.3d 86, 92–93 (4th Cir. 1993); Adkins v. Cabell, Civil Action No. 3:06-0579, 2010 WL 3521593, at *3–4 (S.D. W. Va. Sept. 7, 2010) (unpublished) (collecting cases); Excell v. Burge, No. 9:05-CV-1231 (LEK/GJD), 2008 WL 4426647, at *9 (N.D.N.Y. Sept. 25, 2008) (unpublished); Johnson v. Fondren, Civil No. 08-509 MJD/AJB, 2008 WL 4057311, at *5 (D. Minn. Aug. 26, 2008) (unpublished). Thus, the claim fails. In light of these conclusions, the court need not address whether Williams is entitled to qualified immunity.

C.

As for Davis's motion for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Davis's abilities do not present exceptional circumstances. Accordingly, the court denies Davis's motion for appointed counsel.

II.

In sum, for the reasons stated, the court GRANTS defendant's motion for summary judgment [D.E. 32], and DENIES plaintiff's motions [D.E. 23, 35, 39]. The clerk shall close the case.

8

Case 5:10-ct-03102-D   Document 40   Filed 03/11/13   Page 8 of 9

SO ORDERED. This 11 day of March 2013.

JAMES C. DEVER III
Chief United States District Judge